THE MISSOURI PACIFIC RAILWAY COMPANY v. L. NEW-
BERGER & BROTHER.

**No. 13,266.** ( 73 Pac. 57.)

Error from Reno district court; M. P. SIMPSON, judge.
Opinion filed July 10, 1903. Affirmed.

*J. H. Richards, C. E. Benton,* and *Prigg & Williams,*
for plaintiff in error.
*Vandeveer & Martin,* for defendants in error.

*Per Curiam:* This is the second time this litigation
has been before us. (*Railway Co. v. Newberger,* 63 Kan.
884, 65 Pac. 655.) On the second trial the jury found that the
special contract set up by the railroad company and pur-
porting to limit its liability was not consented to by the
consignees and in effect that it was without validity. The
other issue was found in favor of the railroad company;
that is, that the fire was not occasioned, and the goods
shipped were not destroyed, through the negligence of the
railroad company. The general verdict—on a trial in-
volving the extraordinary liability of the railroad company
—was in favor of the shippers. The extraordinary liability
of a carrier of goods extends, not only during transit to
destination, but also until the consignee has a reasonable
time thereafter to inspect and remove the goods during
business hours. (*L. L. & G. Rld. Co. v. Maris,* 16 Kan.
333; *Mo. Pac. Rly. Co. v. Grocery Co.,* 55 id. 525, 40 Pac.
899.) A finding was made by the jury that a reasonable
time for inspection and removal was not afforded the con-
signees after the arrival and before the destruction of the
goods. No question is made as to the sufficiency of the
evidence to support the findings and verdict, as the motion
for a new trial once filed was withdrawn. It is now claimed
that the last inquiry was limited to the mere question of
negligence, and that the former opinion so indicated. An
expression of that kind does appear in the motion, but
it appears from the pleadings and the proceedings that the
question whether the railroad company was liable as an in-
surer, or whether its liability was limited by an alleged
contract, was submitted at the first trial, and it is manifest
that it was also tried and determined in the second trial.
In view of these facts, it cannot be held that the parties are
confined to the mere matter of negligence.

The only question presented is whether there should

have been judgment upon the special findings; and assuming, as we must, that the instructions submitting the case were correct and that the evidence did sustain the findings made, it must be held that no error was committed in denying the company's motion for judgment on the special findings or in giving the judgment that was rendered.

The judgment is affirmed.